## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**American Electric Power Service Corporation,**

     **Plaintiff,**

     **v.**

**Electrical Consultants, Inc.,**

     **Defendant.**

**Case No. 2:22-cv-4174**

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

### OPINION AND ORDER

MS Consultants, Inc. ("MS") moves to dismiss EPC Services Company's ("EPC") Fourth-Party Complaint ("EPC Complaint").  ECF No. 63.  In EPC's response, EPC represents that "to date, EPC has not yet experienced actual damages" from MS's alleged breach of contract.  Resp. 3, ECF No. 66.  This lack of any damages is not surprising because both EPC's breach of contract and negligence claims are pleaded as hypotheticals: the claims assert liability against MS only if EPC is liable for the claims against it.  *See* EPC Compl. ¶¶ 13–16, ECF No. 61.  Of course, if claims are based on a hypothetical future injury, those claims are likely not ripe.

MS (like many parties in this case) is a party pursuant to Federal Rule of Civil Procedure 14, which governs third-party practice.  Under Rule 14, "a third party complaint is permitted only when the third party plaintiff is attempting to

transfer liability for the plaintiff's claim against him." *Baker v. Pierce*, 812 F.2d 1406 (Table), 1987 WL 36585 at *4, n.2 (6th Cir. Jan. 27, 1987). "The third party defendant's liability must be secondary or derivative." *Id.* "Derivative liability for purposes of Rule 14(a) typically includes *only claims for contribution and indemnity.*" *Auto-Owners Ins. Co. v. Tdata, Inc.*, No. 2:06-CV-00079, 2007 WL 942203, at *1 (S.D. Ohio Mar. 26, 2007) (emphasis added). Courts generally find that third-party complaints based on separate contracts are improper under Rule 14. *See United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1497, n. 10 (S.D. Ohio 1991) ("Courts have uniformly dismissed third-party complaints based upon separate contracts" (citing cases)); *Med. Supply Distribution, LLC v. Goodman*, No. 2:21-CV-161, 2021 WL 9965886, at *2 (S.D. Ohio Nov. 4, 2021) (concluding third-party breach-of-contract claims based on a separate contract "are not proper under Rule 14").

This case involves several parties—most of whom were made parties under Rule 14—and several contracts. The Court suspects that at least some of the third- and fourth-party claims in this case are improper under Rule 14. Alternatively, many claims may be pleaded as hypotheticals (as the two EPC claims described above) and, as a result, may not be ripe.

Any party asserting a third- or fourth-party claim is **ORDERED** to consider the above legal authority and review their respective complaints. **WITHIN FOURTEEN DAYS**, each of those parties shall submit: (1) a motion to voluntarily

dismiss without prejudice any third- or fourth-party claim the asserting party has determined was improperly pleaded in this case; and/or (2) a notice explaining how any third- or fourth-party claim (except claims for indemnity or contribution) is properly before the Court.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**