**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**American Electric Power Service Corporation,**

    **Plaintiff,**

    **v.**

**Electrical Consultants, Inc.,**

    **Defendant.**

**Case No. 2:22-cv-4174**

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

## OMNIBUS OPINION AND ORDER

ms consultants, Inc. ("MS") moves to dismiss EPC Services Company's ("EPC") Amended Fourth-Party Complaint ("EPC Complaint"). ECF No. 63. Beaver Excavating Company ("Beaver") moves to dismiss Electrical Consultants Inc.'s ("Electrical") Amended Third-Party Complaint ("Electrical Complaint"). ECF No. 78. For the following reasons, MS's motion is **DENIED IN PART** and **GRANTED IN PART**; Beaver's motion is **GRANTED**.

### I. FACTS[1]

This case arises out of an American Electric Power Service Corporation ("AEP") construction project of a new electricity transmission substation (the "Project"). *See generally*, Compl., ECF No. 2. Electrical had certain civil engineering design responsibilities for the Project. *Id.* ¶ 17. Unfortunately,

---

[1] The Court accepts the factual allegations in the Original, EPC, and Electrical Complaints as true for the purposes of the motions to dismiss. *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

several landslides have damaged the project. *See generally, id.* AEP sued Electrical, asserting a breach-of-contract claim. *Id.* Electrical then sued other entities involved in the Project, who, in turn, sued yet more entities. ECF Nos. 20, 52, 57, 61, & 76.

At this point, the following claims remain in the case:

- American Electric Power Service Corporation's breach-of-contract claim against Electrical. ECF No. 2.
- Electrical's indemnification claims against EPC and Beaver. ECF No. 76.
- EPC's indemnity and contribution claims against Beaver, MS, S.J. Ludlow Consulting Engineers, Inc., Civil & Environmental Consultants, Inc., and John Doe(s). ECF Nos. 20, 52, & 61.
- Beaver's indemnity and contribution claims against S.J. Ludlow Consulting Engineers, Inc. ECF No. 57.

Beaver and MS move to dismiss the remaining claims against them in the Electrical and EPC Complaints. ECF Nos. 63 & 78.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer*, 27 F.4th at 466 (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.  MS'S MOTION

EPC asserts claims for indemnification and contribution against MS. EPC Compl., ECF No. 61. MS moves to dismiss both claims. ECF No. 63.

### A.  Indemnification

EPC asserts an indemnification claim against MS based on the parties' contract (the "Contract"). EPC Compl. ¶¶ 17–19, ECF No. 61. The indemnification provision (the "Provision") of the Contract reads as follows:

Indemnification

To the fullest extent permitted by law, the [MS] shall indemnify and hold harmless, [EPC], employees and agents from and against any and all claims, costs, losses and damages caused by the negligent acts of [MS] in the performance and furnishing of [MS]'s services under this Agreement. To the fullest extent permitted by law, [EPC] shall indemnify and hold harmless [MS], [MS]'s officers, directors, partners, employees and agents and [MS]'s [c]onsultants from and

> against any and all claims, costs, losses caused by the negligent acts of [EPC] or [EPC]'s officers, directors, partners, employees, agents and [EPC's] consultants (other than [MS]) with respect to this Agreement or the Project.

Contract, ECF No. 61, at PAGEID # 617.

MS argues this indemnification provision is unenforceable under Ohio law, specifically Ohio Revised Code § 2305.31 (the "Statute"). The Statute prohibits indemnity agreements in certain construction-related contracts where "the promisor agrees to indemnify the promisee for damages caused by or resulting from the negligence of the promisee." *Kendall v. U.S. Dismantling Co.*, 485 N.E.2d 1047, 1050 (Ohio 1985).

Said plainly, the Statute would prohibit an indemnification agreement under which MS agreed to indemnify EPC for EPC's negligence. That, however, is not what the Provision does. Instead, the Provision requires MS to indemnify EPC for *MS*'s wrongful conduct, and vice-versa. *See* EPC Contract, ECF No. 61, at PAGEID # 617. In the EPC Complaint, EPC alleges that MS's work was "not performed properly" and that if EPC is found liable for any losses that are the result of only MS's conduct, EPC is entitled to indemnification. EPC Compl. ¶ 18, ECF No. 61. These allegations, together with the Provision, state a claim for indemnification. *Cf. Toledo Edison Co. v. ABC Supply Co.*, 46 F. App'x 757, 760 (6th Cir. 2002) (explaining that, under the Statute, indemnification provisions "must be read to provide indemnity only for cases in which [the owner] is held vicariously liable for [the contractor's] negligence").

Accordingly, as to the indemnification claim, MS's motion is **DENIED**.

## B. Contribution

Under Ohio law, contribution is a statutory claim under Ohio Revised Code § 2307.25, *et seq.* Ohio Revised Code § 2307.25 provides in relevant part as follows:

> Except as otherwise provided in sections 2307.25 to 2307.28 of the Revised Code, if one or more persons are *jointly and severally liable in tort* for the same injury or loss to person or property or for the same wrongful death, there may be a right of contribution even though judgment has not been recovered against all or any of them.

Ohio Rev. Code § 2307.25(A) (emphasis added). The plain language of § 2307.25 indicates that it applies to liability in tort, not contract. The Sixth Circuit has explained the same. *See Wagner-Meinert, Inc. v. EDA Controls Corp.*, No. 06-3777, 2007 WL 579668, at *3 (6th Cir. Feb. 23, 2007) ("This claim for 'contribution' for breach of contract does not come within the coverage of Ohio's contribution statute.").

None of the remaining claims in this case are tort claims. Without any tort claim, EPC cannot seek contribution under Ohio law. Therefore, EPC's contribution claim is **DISMISSED WITHOUT PREJUDICE**. If AEP ever asserts a tort claim in this action, EPC may re-assert its contribution claim.

For the same reasons, the Court is skeptical that any of the other contribution claims in this case are viable. Thus, EPC and Beaver are **ORDERED** to file a brief, not to exceed five pages, **WITHIN FOURTEEN DAYS** explaining how the reasoning just explained does not apply with equal weight to

the remaining contribution claims. In the alternative, EPC and Beaver may move to voluntarily dismiss the same.

## IV. BEAVER'S MOTION

Electrical asserts an indemnification claim against Beaver, based on a contract between Beaver and EPC (the "EPC Contract"). Electrical Compl., ¶¶ 44–50, ECF No. 76. Beaver moves to dismiss that claim because Electrical was neither a party to nor an intended third-party beneficiary of the EPC Contract. Mot., ECF No. 78. Electrical agrees that it is not a party to the EPC Contract but argues it is an intended third-party beneficiary. Resp., ECF No. 81.

Generally, when examining whether a non-party is an intended third-party beneficiary, courts use an "intent to benefit test." *Bobb Forest Prods. v. Morbark Indus.*, 783 N.E.2d 560, 576 (Ohio App. Dist. 2002) (quotation marks and citation omitted). However, even if a third party would be an intended third-party beneficiary under this test, contracting parties have the right "to come to a different agreement regarding who qualifies as an intended third-party beneficiary." *Long v. Mount Carmel Health Sys.*, 93 N.E.3d 436, 442–43 (Ohio Ct. App. June 27, 2017). Thus, courts "honor contractual provisions that explicitly disclaim the creation of any third-party beneficiaries." *Id.* (citing cases).

Here, the EPC Contract provides that "[n]o provision of the Contract is intended or shall be construed to be for the benefit of [a] third party other than as set forth in Article 38.0." EPC Contract, Att. B, Art. 43.2, ECF No. 78-1, PAGEID

# 856. Article 38.0 relates to only limited rights to disclose the agreement to certain entities. *Id.* at Art. 38.1. Thus, the EPC Contract "unambiguously disclaim[s] any intent to benefit third parties." *LHPT Columbus, L.L.C. v. Capitol City Cardiology, Inc.*, 24 N.E.3d 712, 720 (Ohio Ct. App., November 25, 2014). As a result, Electrical is not an intended third-party beneficiary and may not sue under the EPC Contract. *See CMC Elec. Co. v. J.D. Williamson Const. Co.*, No. 98-A-0076, 1999 WL 1073685, at *2 (Ohio Ct. App. Nov. 5, 1999) (concluding the plaintiff was not an intended third-party beneficiary because the at issue contract "specifically stated that the duties and responsibilities under the contract were for the exclusive benefit of the parties to the contract and not for the benefit of any other party").

Electrical disagrees. Electrical primarily argues that other parts of the contract—the indemnification and warranty provisions—expressly confer a benefit on Electrical. Resp., ECF No. 81. According to Electrical, these provisions show Electrical is an intended third-party beneficiary. *Id.* In addition, Electrical argues that these provisions are more specific than the provision disclaiming an intent to benefit third parties. *Id.* Thus, argues Electrical, the more specific provisions should control—or at least create an ambiguity—and, therefore, either it is an intended third-party beneficiary or the Court should examine extrinsic evidence to decide the issue. *Id.*

This argument fails to persuade. The Court agrees that the indemnity and warranty provisions confer a benefit on Electrical. However, contracting parties may decide to confer a benefit on a third party, yet still limit that third party's ability to sue under the contract. *Long*, 93 N.E.3d at 442–43 (citing cases). Contracting parties can impose that limitation by expressly disclaiming the creation of third-party beneficiaries. *Id.* (citing cases). That is exactly what Beaver and EPC did here: they conferred a benefit on Electrical but excluded it from being allowed to sue under the contract. Thus, Electrical's argument in unavailing.

In sum, Electrical is neither a party to nor an intended third-party beneficiary of the EPC Contract. As a result, Electrical may not sue under the EPC Contract and, therefore, Electrical's indemnification claim against Beaver is dismissed with prejudice.

## V.  CONCLUSION

For these reasons, MS's motion to dismiss, ECF No. 63, is **DENIED IN PART** and **GRANTED IN PART**; the indemnification claim may proceed, and the contribution claim is **DISMISSED WITHOUT PREJUDICE**. Beaver's motion to dismiss, ECF No. 78, is **GRANTED**; Electrical's indemnity claim against Beaver is **DISMISSED WITH PREJUDICE**.

EPC and Beaver are **ORDERED** to file a brief, not to exceed five pages, **WITHIN FOURTEEN DAYS** explaining how the reasoning explained above does

not apply with equal weight to the remaining contribution claims. In the alternative, EPC and Beaver may move to voluntarily dismiss the same.

The Clerk shall terminate ECF Nos. 63 and 78.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**